■ NICOLETTE LISIO, as Administratrix of the Estate of SALVATORE LISIO, Deceased, Respondent-Appellant, v. RANCHOS REALTY OF CORONA CORP. et al., Appellants, and VICTOR BATTISTELLI, Respondent.— In an action to recover damages for wrongful death and conscious pain and suffering, (1) defendants Ranchos Realty of Corona Corp. and Ranchos Realty, Inc., appeal from so much of a judgment of the Supreme Court, Queens County, entered February

23, 1972, as is against them and in favor of plaintiff, upon a jury verdict of $125,792.50 on the wrongful death cause, and against them on their cross claim against defendant Battistelli, upon the trial court's decision, and (2) plaintiff cross-appeals from so much of the judgment as is against her and in favor of defendant Battistelli, upon the jury verdict. Judgment affirmed insofar as appealed from, with costs to plaintiff against defendants Ranchos Realty of Corona Corp. and Ranchos Realty, Inc., and to defendant Battistelli jointly against appellants who appeared separately and filed separate briefs. No opinion. Rabin, P. J., Hopkins and Munder, JJ., concur; Martuscello and Latham, JJ., concur in the affirmance of the judgment insofar as it is in favor of plaintiff against defendants Ranchos Realty of Corona Corp. and Ranchos Realty, Inc., but otherwise dissent and vote to (1) modify the judgment by striking therefrom the second and fourth decretal paragraphs, which respectively are in favor of defendant Battistelli against plaintiff and in favor of defendant Battistelli upon the cross claim of defendants Ranchos Realty of Corona Corp. and Ranchos Realty, Inc., against him, and (2) grant a new trial, limited to (a) the issues of liability on plaintiff's wrongful death cause of action against defendant Battistelli and on said cross claim, and (b) an apportionment of damages, as stated in the following memorandum: Plaintiff's decedent, a laborer engaged upon a construction project, was killed when a portion of the side of an excavation gave way, burying him in a narrow trench between the embankment and a foundation wall. In our opinion, the evidence adduced at the trial was sufficient to sustain the verdict against Ranchos Realty of Corona Corp., the owner of the property, and Ranchos Realty, Inc., the general contractor. However, we are of the further opinion that the trial court erred by charging the jury that defendant Battistelli, the excavation subcontractor, could not, in essence, be held liable on the theory of common-law negligence and by submitting to the jury the issue of whether Battistelli was an independent contractor or an employee of the general contractor. Evidence was adduced that the sides of an excavation of the depth here in question should by proper practice be graded to an " angle of repose " and that the sides here had in fact been excavated in a " straight cut ", thus establishing a basis for a jury finding that Battistelli had performed the excavation negligently. The facts establish as a matter of law that Battistelli was an independent contractor. He was paid in a lump sum, no deductions were made from his remuneration, he owned the bulldozer which he used, he hired and paid for trucks to cart away the dirt and he accomplished the work in a manner of his own choosing. The fact that he was required to follow plans furnished by the general contractor and that the superintendent employed by the general contractor was on the scene and occasionally consulted with him does not operate to destroy his status as an independent contractor. Since the trial court charged that the jury had to render a verdict in favor of Battistelli if they found he was an employee, their verdict with respect to him may have rested upon such an erroneous finding. We do not believe that the verdict against the Ranchos defendants was affected by the erroneous instructions. The trial court did not charge on the theory of *respondeat superior*. Under the instructions given, the jury could only have based their verdict against the Ranchos defendants upon their failure to carry out their nondelegable duty to provide a safe place to work. Thus, it made no difference whether the jury found Battistelli to be an employee or an independent contractor, so far as the liability of the Ranchos defendants to plaintiff is concerned. The new trial should be limited to (1) the issues of the liability of defendant Battistelli to plaintiff and to the Ranchos defendants and (2) if he is held liable, the issues of apportionment among the three defendants of the $125,792.50

damages heretofore found by the jury (see *Kelly* v. *Long Is. Light. Co.*, 31 N Y 2d 25; *Dole* v. *Dow Chem. Co.*, 30 N Y 2d 143).